UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

UNITED STATES OF AMERICA,   )
                  Plaintiff.   )
V                       )      CRIMINAL NO. 22-cr-10354-WGY
                       )
MATTHEW LINDNER,      )
               Defendant.  )

---

## **MOTION TO DISMISS**

Now comes the Defendant, Matthew Lindner, by and through undersigned counsel, and, pursuant to Fed. Rules Crim. P. 7 and 12 (b)(3)(B)(V) and the First Amendment to the United States Constitution, hereby respectfully moves this Honorable Court to dismiss the Indictment in this cause and would show the following in support thereof:

Count One of the Indictment charges:

On or about August 31, 2022, in the District of Massachusetts, the Western District of Texas and elsewhere, the defendant,

MATTHEW JORDAN LINDNER

knowingly transmitted in interstate and foreign commerce, from Texas to Massachusetts, a communication containing a threat to kidnap and injure the person of another, to wit, Victim 1, for the purpose of issuing a threat and knowing that his communication would be interpreted as a threat.

All in violation of Title 18, United States Code, Section 875(c).

Count one also incorporates by reference the allegations in paragraphs 1 through 5 of the indictment.[1] These five paragraphs do not include any *mens rea* with respect to Matthew Lindner's mental state concerning whether he subjectively intended to threaten Victim 1, or at least had some subjective understanding of his statements' threatening character. *See Counterman v. Colorado*, 600 U.S. ____ (June 27, 2023).

The language of the Indictment in this cause requires only that Defendant Lindner knew that his communication "would be interpreted

---

[1] "1.) Defendant MATTHEW JORDAN LINDNER was a resident of and located in the State of Texas. 2.) The National LGBTQIA+ Health Education Center (hereinafter, the "Center") provided educational programs, resources, and consultation to health care organizations with the goal of optimizing quality, cost-effective health care for lesbian, gay, bisexual, transgender, queer, intersex, asexual, and all sexual and gender minority people.  The Center was located in the District of Massachusetts. 3.) Victim 1 was a physician, whose identity is known to the grand jury. Victim 1 was a faculty member at the Center. Victim 1 specialized in sexual health issues, with a particular focus on gender nonconforming youth. Victim 1 was an advocate for gender-affirming care and the use of puberty blockers and hormones to delay puberty in gender-questioning youth. 4.) In or around August 2022, inaccurate information spread online regarding the procedures that Boston Children's Hospital ("BCH") health care providers performed on gender nonconforming children. Social media accounts began sharing misinformation, falsely claiming that BCH health care providers were performing hysterectomies and gender affirmation surgery on patients who were under 18 years of age. 5.) On or about August 31, 2022, LINDNER placed a telephone call to the Center. During that call, he left the following voicemail: You sick motherfuckers, you're all gonna burn. There's a group of people on their way to handle [Victim 1].(Fn1 Victim 1 is identified by last name) You signed your own warrant, lady. Castrating our children. You've woken up enough people. And upset enough of us. And you signed your own ticket. Sleep well, you fuckin' c**t." Indictment.

as a threat."  Such a mental state or scienter constitutes an objective standard viewed through the eyes of the alleged victim; i.e. whether she would interpret the communication as a threat.

### *Mens Rea* With Respect to a True Threat

Title 18, Section 875(c) creates a felony offense when a defendant knowingly sends a "true threat" to injure another in interstate commerce. But, the statute is silent about the *mens rea* required with regard to such a threat.

Very recently, in *Counterman v. Colorado,* 600 U.S. ___ (July 27, 2023) the United States Supreme Court was confronted with a Colorado State court prosecution under Colorado's "Stalking" statute [C.R.S. 18-3-602(1)(c)] which prohibited communication with another "in a manner that would cause a reasonable person to suffer serious emotional distress."  The State statute in *Counterman* required "only that a reasonable person would understand his statements as threats," an "objective" standard; i.e. what the alleged victim or a reasonable person might perceive.  However, the Court held that the First Amendment "demand[s] a ***subjective*** mental-state requirement" not an objective

reasonable person standard. (emphasis supplied) *Counterman,* Slip Op. p. 6.

While the majority (Kagan, J.) go on to find that under the Colorado stalking statute's language, such subjective intent may constitute a "reckless" disregard for the fact that one's communication would be interpreted as a threat by the victim or other reasonable persons, Justice Sotomayor, joined by Justice Gorsuch,[2] goes on to discuss a matter not before the *Counterman* Court; that is whether a "reckless" standard will suffice when one is charged with a "true threat," such as the Title 18 U.S.C. §875(c) offense charged in COUNT ONE against Defendant Lindner in this case.

Noting that "true threats" are a unique category in our Country's jurisprudence which has historically required that "unprotected true threats include a ***subjective*** *mens rea* requirement,"[3] Justice Sotomayor goes on to make clear that under statutes such as that charged in the instant indictment:

---

[2] Certainly, an interesting coalition.

[3] Recognizing the long tradition of decisions from both sides of the Atlantic across centuries, that "A subjective *mens rea* remain[s] a key component of threat offenses." *Counterman,* Slip Op. at p. 12.

> "True threats encompass those statements where the speaker ***means to communicate*** a serious expression of an intent to commit an act of unlawful violence."[4] (emphasis supplied)

*Counterman,* Slip at pp. 9 – 10.  An individual must "have the requisite intent to make a 'true threat.'" *Bailey v. Iles*, __ F.4th __ (5th Cir. 2023).

Such a requirement that the prosecution prove a subjective desire on the part of the author/speaker to communicate a threat is particularly important in cases regarding such hot topic issues as are presented by the particular facts in the instant case.

> "Lest there be any doubt, the First Amendment stakes around the definition of 'true threats' are high indeed…. The risk of over criminalizing upsetting or frightening speech has only been increased by the internet… In the heat of the moment, someone may post an enraged comment under a news story about a controversial topic. Another person might reply equally heatedly. In a Nation that has never been timid about its opinions, political or otherwise, this is commonplace." *Counterman*, Slip Op. at pp. 5-6.

Previously, in *Virginia v. Black,* 538 U. S. 343, 359 (2003)[5] the Supreme Court held that: "True threats" …encompass those statements

---

[4] "[A] careful examination of this Court's true-threats precedent and the history of threat crimes does not support a long-settled tradition of punishing inadvertently threatening speech.  *Counterman,* Slip at p. 9.

[5] Cited by the Supreme Court in *Counterman* Slip Op. at pp. 6, 9, 10, 11, 12.

where the speaker ***means*** *to* communicate a serious expression of an intent to commit an act of unlawful violence." [emphasis supplied].

## True Threat Is Required

Title 18, Section 875(c) provides:

**"(c)** Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

Thus, the Federal statute at issue in this case requires a "true threat." It requires a threat to injure the person of another.[6]  However, the threat set out verbatim in the Indictment does not constitute a "true threat" as required in 875 (c).  Paragraph 5, incorporated into Count 1 by reference, quotes the alleged threat made by telephone voice mail.  *See* footnote 1 herein.

Defendant's unfortunate language aside[7], nowhere in Defendant Lindner's voice mail does he threaten to injure Victim 1.  Accordingly, it does not state a true threat. "True threats are 'serious expression[s]' conveying that a speaker means to 'commit an act of unlawful

---

[6] The indictment actually charges that Lindner threatened to "kidnap and injure" another.

[7] *See Cohen v. California*, 403 US 15, 18 (1971)

violence.'" *Virginia* v. *Black*, 538 U.S. 343, 359." *See also Counterman, Supra*, majority opinion citing *Black* with approval. "In deciding whether speech is an unprotected 'true threat,' context is critical." *Bailey v. Iles*, __ F.4th __ (5th Cir. 2023) (*quoting Watts v. United States*, 394 U.S. 705, 706, 708 (1969). Because the Indictment herein charges a communication that does not convey a true threat to injure another, it fails to state an offense.

> "The burdens of overcriminalization will fall hardest on certain groups. … '[S]peakers whose ideas or views [*30] occupy the fringes of our society have more to fear, for their violent and extreme rhetoric, even if intended simply to convey an idea or express displeasure, is more likely to strike a reasonable person as threatening.'… Members of certain groups, including religious and cultural minorities, can also use language that is more susceptible to being misinterpreted by outsiders.  And unfortunately yet predictably, racial and cultural stereotypes can also influence whether speech is perceived as dangerous." *Counterman*, Slip Op. at pp. 6-7.

## PRAYER

For the foregoing reasons Mr. Lindner respectfully prays that this Honorable Court dismiss Count 1 of the Indictment.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with the Government, and the Government opposes the relief requested in this Motion.

Respectfully Submitted,
MATTHEW LINDNER

By His Attorneys,

*/s/Cynthia H. Orr*
Cynthia H. Orr, Esq.
Texas Bar No. 15313350
whitecollarlaw@gmail.com
Gerald H. Goldstein, Esq.
Texas Bar No. 08101000
geraldgoldsteinlaw@gmail.com
Goldstein & Orr
Tower Life Building
310 S. St. Mary's St.
29th Floor
San Antonio, TX 78205
210-226-1463

/s/ *Martin G. Weinberg*
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza,
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: September 13, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Martin G. Weinberg, hereby certify that on this date, September 13, 2023, a copy of the foregoing document has been served *via* Electronic Court Filing system on all registered participants.

<u>/s/ *Martin G. Weinberg*</u>
Martin G. Weinberg, Esq.