UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | No. 22-CR-1014 |
| | ) | |
| MATTHEW LINDNER, | ) | |
| Defendant. | ) | |

**SECOND MOTION TO DISMISS**

**[PROSECUTION IN VIOLATION OF THE FIRST AMENDMENT]**

Now comes the Defendant, Matthew Lindner, by and through undersigned counsel, and, pursuant to Fed. Rules Crim. P. 7 and 12(b)(3)(B)(IV) and the First Amendment to the United States Constitution, hereby respectfully moves this Honorable Court to dismiss the Indictment in this cause and would show the following in support thereof:

Since the initial Motion to Dismiss was filed, the United States Supreme Court granted certiorari three (3) weeks ago in *Gonzalez v. Trevino*, Cause No. 22-1025 on October 13, 2023, a 1983 action arising from San Antonio, Texas in which the Plaintiff, Ms. Sylvia Gonzalez, complained that her prosecution violated the exercise of her freedom of speech in an election contest.  Others had engaged in similar speech in that same situation but had not been prosecuted for engaging in the same speech.  Whether the Nieves probable cause exception [for complaints of retaliatory arrest and prosecution] can be satisfied by objective evidence other than specific examples of arrests that never happened, and whether the Nieves probable cause rule is limited to individual claims against arresting officers for split-second arrests, Defendant Lindner respectfully files this motion to dismiss the indictment for the violation of his right to freedom of speech,

alleging that his telephone message is much less offensive and/or threatening than many other responses to this very misleading false news report.

Count One of the Indictment charges:

On or about August 31, 2022, in the District of Massachusetts, the Western District of Texas and elsewhere, the Defendant,

MATTHEW JORDAN LINDNER

Knowingly transmitted in interstate and foreign commerce, from Texas to Massachusetts, a communication containing a threat to kidnap and injure the person of another, to wit, Victim 1, for the purpose of issuing a threat and knowing that his communication would be interpreted as a threat.

All in violation of Title 18, United States Code, Section 875(c).

Count One sets out that the offense committed was constituted entirely and in whole a telephone message Mr. Lindner left on a physician's voice mail expressing his disapproval and moral outrage at what he had been led to believe was her participation in castrating children at the hospital where he called to reach her.

Mr. Lindner previously filed a motion contesting whether the indictment on its face charges a true threat, and whether it sufficiently charges the proper *mens rea* concerning his voicing confrontational political rhetoric railing against reported castration of children, relying on *Counterman v. Colorado,* 600 U.S. 66 (2023).

The District Court had denied the defendant's[1] Motion to Dismiss, but the Fifth Circuit Court of Appeals reversed the trial court's denial of the Motion to Dismiss. *Gonzalez v. Trevino,* 42 F.4th 487 (5th Cir. 2022).   Thereafter, on October 13, 2023, the United States Supreme Court granted certiorari to decide what evidence must be presented to sustain the assertion that one's

---

[1] The City of Castle Hills, Texas (a suburb of San Antonio, Texas).

prosecution violates the exercise of their freedom of speech under *Nieves v. Bartlett*, 139 S.Ct. 1715 (2019).[2]

Currently pending discovery is ongoing between the parties and they are striving to reach agreement concerning outstanding matters.  However, the defense believes that based on the defense investigation that upwards of 30,000 persons viewed the same false news media reports that reported that the physician for whom Lindner left his voicemail message was castrating children.  Also, it appears that upwards of 3,000 of those persons made disapproving comments on social media platforms.  Yet, none of those persons have been prosecuted for voicing their disapproval and exercising their freedom of speech concerning the same situation.[3]

Therefore, the Defendant respectfully moves to dismiss the indictment for violation of his freedom of speech under *Nieves v. Bartlett*, 139 S.Ct. 1715 (2019).

## PRAYER

For the foregoing reasons, Mr. Linder respectfully prays that this Honorable Court set a hearing on this motion after the completion of discovery and the decision of the United States Supreme Court in *Gonzalez v. Trevino*, Cause No. 22-1025 (October 13, 2023) and dismiss the indictment for violation of Mr. Lindner's First Amendment right to freedom of speech.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel left word for counsel for the Government, but has not received a response regarding its position on the relief requested in this Motion.

---

[2] Typically, a person challenging their prosecution for the exercise of their freedom of speech must show that the police lacked probable cause for their arrest.  In *Nieves v. Bartlett*, 139 S.Ct. 1715 (2019) the United States Supreme Court carved out an exception for those persons who could show that they were arrested while others who engaged in the same conduct were not. This sets out a complaint for retaliatory prosecution for the exercise of their freedom of speech and same is evaluated under an objective standard, a form of selective prosecution.

[3] One individual was charged with engaging in different conduct, who issued a bomb threat and physically went to the hospital where the physician works or worked.  This appears to be related to the same false news media report disseminated on social media.  Defendant's unfortunate language aside, nowhere in Defendant Lindner's voice mail does he threaten to injure Victim 1.

Respectfully submitted,

MATTHEW LINDNER

By His Attorneys,


/s/ Cynthia H. Orr
Cynthia H. Orr, Esq.
Texas Bar No. 15313350
whitecollarlaw@gmail.com
Gerald H. Goldstein, Esq.
Texas Bar No. 08101000
gerrygoldsteinlaw@gmail.com
Goldstein & Orr
Tower Life Building
310 S. St. Mary's St.
29th Floor
San Antonio, TX   78205
(210) 226-1463


/s/ Martin G. Weinberg
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
owlmgw@att.net
20 Park Plaza
Suite 1000
Boston, MA    02116
(617) 227-3700


Dated:  November 3, 2023


<u>CERTIFICATE OF SERVICE</u>

I, Martin G. Weinberg, hereby certify that on this date, November 3, 2023, a copy of the

foregoing document has been served via Electronic Court Filing system on all registered

participants.

/s/ Martin G. Weinberg
Martin G. Weinberg, Esq.