

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 1, 2023

Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116

Gerald H. Goldstein, Esq.
Cynthia Hujar Orr, Esq.
Goldstein & Orr, PLLC
310 S. St. Mary's St., Suite 2900
San Antonio, TX 78205

      Re:   United States v. Matthew Jordan Lindner
              Criminal No. 22-10354-WGY

Dear Counsel:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Matthew Jordan Lindner ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

      1.    <u>Change of Plea</u>

      No later than December 13, 2023, Defendant will plead guilty to the sole count of the Indictment: Interstate Transmission of Threatening Communication, in violation of 18 U.S.C. § 875(c). Defendant admits that Defendant committed the crime specified in this count (and as described in the statement of factual basis attached hereto as Exhibit A) and is in fact guilty of the offense.

      2.    <u>Penalties</u>

      Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 6:

a) Defendant's base offense level is 12, because the Defendant violated 18 U.S.C. § 875(c) (U.S.S.G. § 2A6.1);

b) Defendant's offense level is decreased by 4 levels, because U.S.S.G. §§ 2A6.1(a)(2) and 2A6.1(b)(1)–(4) do not apply, and the offense involved a single instance evidencing little or no deliberation (U.S.S.G. § 2A6.1(b)(6)); and

c) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crime (U.S.S.G. § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

2

5.  **Agreed Disposition**

The parties agree on the following sentence:

    a) incarceration for 3 months;

    b) 36 months of supervised release;

    c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    d) restitution to Victim 1, pursuant to 18 U.S.C. § 3663A, in the amount of $2,986.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States. Defendant further agrees not to disclose in any public filing the particular item(s) for which restitution may be ordered.

6.  **Waiver of Appellate Rights and Challenges to Conviction or Sentence**

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.  <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.  <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

4

10. **Modifications to Plea Agreement**

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Brian A. Fogerty.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
ELIZABETH RILEY
Chief, Civil Rights & Human Trafficking Unit


_____
BRIAN A. FOGERTY
K. NATHANIEL YEAGER
Assistant U.S. Attorneys

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter, which incorporates Attachment A, and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_Matthew Lindner_  *(signature)*
Matthew Jordan Lindner
Defendant

Date: December 4, 2023

I certify that Matthew Jordan Lindner has read this Agreement and that we have discussed what it means. I believe Matthew Jordan Lindner understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

*(signature)*
Martin G. Weinberg, Esq.
Attorney for Defendant

Date: 12.5.23

6

ATTACHMENT A

Factual Basis for Plea

On or about August 31, 2022, Matthew Jordan Lindner committed the offense of Interstate Transmission of Threatening Communication, in violation 18 U.S.C. § 875(c).

In or around August 2022, inaccurate information spread online regarding the procedures that certain Boston-based health care providers were performing on children in the transgender community. Social media accounts began sharing misinformation, falsely claiming that certain health care providers were performing hysterectomies and gender affirmation surgery on patients who were under 18 years of age.

The Fenway Institute is a Boston-based interdisciplinary center for research, education, and development, with a stated mission of optimizing health and well-being for sexual and gender minorities and those affected by HIV. The National LGBTQIA+ Health Education Center (or the "Center") is a component of The Fenway Institute that provides educational programs, resources, and consultation to health care organizations with the goal of optimizing quality, cost-effective health care for lesbian, gay, bisexual, transgender, queer, intersex, asexual, and all sexual and gender minority people. The Center is also located in Boston.

Victim 1 was a physician and faculty member at The National LGBTQIA+ Health Education Center. Victim 1 specialized in sexual health issues, with a particular focus on gender nonconforming youth. Victim 1 was an advocate for gender-affirming care and the use of puberty blockers/hormones to delay puberty in gender-questioning youth.

On August 31, 2022, in the context of social media vitriol directed at health care providers who serve transgender patients, Lindner decided to call The National LGBTQIA+ Center's main telephone line to threaten Victim 1. Lindner left a voicemail in which he intentionally threatened

to injure Victim 1 (hereinafter, the "Voicemail"). In the Voicemail, Lindner chose not to identify himself, and he knew that his words would be received as a threat. Lindner stated the following:

> You sick motherfuckers, you're all gonna burn. There's a group of people on their way to handle [Victim 1].[1] You signed your own warrant, lady. Castrating our children. You've woken up enough people. And upset enough of us. And you signed your own ticket. Sleep well, you fuckin' cunt.

Lindner was in Texas when he called the Center to threaten Victim 1. AT&T location data associated with Lindner's cell phone confirms that he was in the vicinity of Comfort, Texas when he left the Voicemail.

After leaving the threatening Voicemail, Lindner continued to try to contact Victim 1. To that end, he called two telephone numbers assigned to a Rhode Island university where Victim 1 was a faculty member. He also called Victim 1's former medical practice.

\*   \*   \*

I have read and carefully reviewed the Factual Basis for Plea with my attorney. I agree that it is true and correct. I also agree that if this matter proceeded to trial, the United States could establish each of the facts contained in the Factual Basis for Plea beyond a reasonable doubt, and that those facts satisfy the elements of the offense to which I am pleading guilty.

Matthew Lindner  */s/ Matthew Lindner*
Matthew Jordan Lindner
Defendant

Date: December 4, 2023

---

[1] Lindner used Victim 1's last name.