UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL No. 22-cr-10354-WGY |
| v. | |
| MATTHEW JORDAN LINDNER | |
| Defendant | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Brian A. Fogerty and K. Nathaniel Yeager, Assistant United States Attorneys for the District of Massachusetts, recommends that the Court accept the parties' plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and sentence defendant Matthew Lindner to serve 3 months in prison, a 36-month term of supervised release, and pay restitution to Victim 1 in the amount of $2,986.

**Background**

I.     Lindner Threaten Victim 1.[1]

In August 2022, inaccurate information spread online regarding the procedures that certain Boston-based health care providers were performing on children in the transgender community. Social media accounts began sharing misinformation, falsely claiming that certain care providers were performing hysterectomies and gender affirmation surgery on patients who were under 18 years of age.

---

[1] In Lindner's signed plea agreement, he agreed that the following description of his offense conduct is true and correct. *See* ECF No. 56 at 7-8.

Victim 1 was a physician and faculty member at The National LGBTQIA+ Health Education Center, which is located in the District of Massachusetts. Victim 1 specialized in sexual health issues, with a particular focus on gender nonconforming youth. Victim 1 was an advocate for gender-affirming care and the use of puberty blockers/hormones to delay puberty in gender-questioning youth.

On August 31, 2022, in the context of social media vitriol directed at health care providers who serve transgender patients, Lindner decided to call The National LGBTQIA+ Center's main telephone line to threaten Victim 1. Lindner left a voicemail in which he intentionally threatened to injure Victim 1 (hereinafter, the "Voicemail"). In the Voicemail, Lindner chose not to identify himself, and he knew that his words would be received as a threat. Lindner stated the following:

> You sick motherfuckers, you're all gonna burn. There's a group of people on their way to handle [Victim 1].[2] You signed your own warrant, lady. Castrating our children. You've woken up enough people. And upset enough of us. And you signed your own ticket. Sleep well, you fuckin' cunt.

Lindner was in Texas when he called the Center to threaten Victim 1. AT&T location data associated with Lindner's cell phone confirms that he was in the vicinity of Comfort, Texas when he left the Voicemail.

After leaving the threatening voicemail, Lindner continued to try to contact Victim 1. To that end, he called two telephone numbers assigned to a Rhode Island university where Victim 1 was a faculty member. He also called Victim 1's former medical practice.

II.    Plea Agreement and Sentencing Guidelines.

On December 15, 2022, a federal grand jury returned a one-count indictment charging Lindner with Interstate Transmission of Threatening Communication, in violation of 18 U.S.C. §

---

[2] Lindner used Victim 1's last name.

875(c).  On December 12, 2023, Lindner appeared before the Court at a Rule 11 hearing and entered a guilty plea to the sole count of the indictment.  His guilty plea was pursuant to an agreement between the parties under Rule 11(c)(1)(C), under which both Lindner and the government will recommend, among other things, that the Court sentence Lindner to serve 3 months in prison, a 36-month term of supervised release, and a restitution payment.

The plea agreement also contains the parties' stipulations regarding application of the Sentencing Guidelines in this case.  Specifically, the parties agree and request that the Court find that the total offense level is 6, which is based on the following calculation:

- Lindner's base offense level is 12, because he violated 18 U.S.C. § 875(c) (U.S.S.G. § 2A6.1);

- Lindner's offense level is decreased by 4 levels, because U.S.S.G. §§ 2A6.1(a)(2) and 2A6.1(b)(1)–(4) do not apply, and the offense involved a single instance evidencing little or no deliberation (U.S.S.G. § 2A6.1(b)(6)); and

- Lindner's offense level is decreased by 2, because he has accepted responsibility for his crime (U.S.S.G. § 3E1.1).

Accordingly, the applicable sentencing guideline range is 0–6 months in prison.  The 3-month term of imprisonment that the parties recommend is in the middle of the guideline range.

## Argument

I.   The Court should accept the plea agreement and sentence Lindner to serve 3 months in prison.

Lindner called Victim 1 to make her live in fear.  His anonymous and menacing voice message was not a well-intentioned statement about his desire to protect children from alleged abuse, as he contends.  ECF No. 62 at 11–13.  It was a cowardly criminal act designed to strike fear in the heart of a person he had never met.  As such, it had lasting effects on the victim and the community.  For those reasons, Lindner's felony conviction is appropriate, and the Court should sentence him to serve 3 months in prison.

    a.   The nature, circumstances, and seriousness of Lindner's offense warrant the 3-month custodial sentence.

The nature,  circumstances, and seriousness of the offense require a 3-month sentence in this case.  *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A).  Lindner made a series of decisions that led to the threatening call.  By his own admission, Lindner was in Texas when he learned about Victim 1 through social media.  ECF No. 56 at 7–8; *see also* ECF No. 62 at 12.  He alone decided to accept and act on whatever information he obtained from those social media posts.  ECF No. 62 at 12. He decided to search the internet for Victim 1's contact information.  *Id.*  And, in the context of the social media vitriol directed at Victim 1 and other health care professionals because of their care for transgender patients, he decided to call Victim 1 and tell her, among other things, that there was "a group of people on their way to handle" her.  ECF No. 56 at 7–8.  Lindner's decisions were designed to cause fear and psychological pain.  The agreed-upon prison term punishes those decisions appropriately.

Lindner's crime also had a profound impact.  No one should live in fear and subject to the whims of an anonymous, disgruntled person.  Nevertheless, Victim 1 endured that.  Lindner claims he never intended to travel to Boston or physically harm Victim 1.  ECF No. 62 at 2.  But, of

course, Victim 1 did not know that.  She had no way of knowing whether Lindner's ominous prediction was accurate.  Indeed, that is a big advantage from the threat-maker's perspective.  He can cause the victim to live in fear without personally taking the risk of carrying out an act of violence.  However, unlike Lindner, Victim 1 had no choice but to deal with the fear and uncertainty that Lindner's decisions caused.

Moreover, Lindner did not make his threat in a vacuum.  As he acknowledges, he targeted a doctor who was an advocate for gender-affirming care at a time when doctors in that field were the subject of hostility online and in the media.  ECF No. 56 at 7.  In that context, Lindner's threats further eroded the sense of security among those medical professionals and the transgender community.

        b.   <u>The 3-month sentence is critical to deterring Lindner and others who consider engaging in threatening conduct.</u>

The 3-month prison term is necessary to deter Lindner and others from engaging in similar conduct.  *See* 18 U.S.C. 3553(a)(2)(B).  It is laudable that Lindner has participated in the District's Restorative Justice Program and seemingly taken steps to improve himself since his arrest.  However, there must be a penalty for what he did to ensure that he does not do it again.  In Lindner's case, his knowledge that even one threatening call ends in a prison term will be an important and necessary deterrent that will protect the community going forward.

The Court's sentence will also have a broader deterrent effect.  The sentence the parties request will send the important message that trying to cause another person to live in fear is a serious federal crime punishable by a felony conviction, loss of the right to own or ever possess a firearm, and a significant prison term.  These penalties are necessary to deter other from conveying threats that target victims and send harmful ripples through the community.

II.    <u>Crime Victim Rights' Act, 18 U.S.C. § 3771</u>.

The government anticipates that Victim 1 may exercise her statutory right to address the Court at the sentencing hearing in order to provide information about the impact of Lindner's conduct.  *See* 18 U.S.C. § 3771(a)(4).

<u>**Conclusion**</u>

For the foregoing reasons, the government respectfully requests that the Court accept the plea agreement and sentence Lindner to serve 3 months in prison, a 36-month term of supervised release, and pay restitution to Victim 1 in the amount of $2,986.


Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney


By:    /s/ Brian A. Fogerty
       BRIAN A. FOGERTY
       K. NATHANIEL YEAGER
       Assistant United States Attorneys

6

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

 /s/ Brian A. Fogerty
BRIAN A. FOGERTY
Assistant United States Attorney

Date: February 19, 2024