```
 1                  UNITED STATES DISTRICT COURT

 2                 DISTRICT OF MASSACHUSETTS (Boston)

 3
                                          22-cr-10354-wgy
 4

 5

 6

 7

 8   *************************************
                                         *
 9   United States vs. Matthew J. Lindner*   JUDGE'S FINDINGS
                                         *
10   *************************************

11

12

13

14

15        BEFORE:  Honorable Judge William G. Young

16

17

18
                        Richard H. Romanow
19                     Official Court Reporter
                    United States District Court
20                       1 Courthouse Way
                    Boston, Massachusetts 02210
21
                    Thursday, February 22, 2024
22

23

24

25
```

1      THE COURT:  Mr. Matthew Jordan Lindner, pursuant
2 to 18 United States Code, Section 3553(a), the
3 information from the United States Attorney, the
4 victims, your attorney, and the probation officer, this
5 Court sentences you to 3 months in the custody of the
6 United States Attorney General.  Thereafter the Court
7 places you on supervised release for a period of 3 years
8 with all the general and special conditions of
9 supervised release set forth on Pages 20 and 21 of the
10 presentence report.
11      The Court requires that you pay restitution in the
12 amount of $2,986 forthwith.  There should be no fine.
13 The Court imposes upon you the special assessment as
14 required by the law.  The Court --
15      No objection to self-reporting?
16      MR. FOGERTY:  No, your Honor.
17      THE COURT:  The Court will allow you to self-
18 report to the United States Marshals in San Antonio,
19 Texas on Monday the 26th of February, 2024.
20      It's all very well to say it's a binding plea
21 agreement, but every sentence is my sentence, I am
22 responsible for it.  I'm responsible to the community.
23 I'm responsible for the victims.  I'm responsible to
24 you.  Let me explain this sentence.
25      I cannot view it as well as the victims did, they

```
 1   said it right, for shame, sir.  For shame.  I do believe
 2   in our program of Restorative Justice and I do value
 3   what counsel has said on your behalf, that you've gone
 4   through that program.  All I can say is it must -- it
 5   must be understood by you that these are real people,
 6   just as much as your family, just as much as your
 7   community, they're Americans along with you.  If these
 8   vial threats were made to someone who is not an
 9   American, it would be just -- just as vial, just as
10   dangerous.
11          Yes, our country tolerates as -- as within
12   violence we must, the First Amendment allows for the
13   spread of misinformation within bounds, it does not
14   allow for vicious threats.  It has been well said that
15   the whole purpose of life is to help each other get
16   through it.  I believe that.  I hope you do.  And I hope
17   you recognize, down to your very soul, what violence you
18   have done through a threat like this.  This is a fair
19   and a just sentence.
20          Asking the questions of the victims was not to
21   impugn at all the role of the United States Attorney or
22   counsel in negotiating a sentence, it's information that
23   I wanted to hear.  The sentence is my responsibility.
24   And it is a sentence to incarceration.
25          You have the right to appeal from any findings or
```

1  rulings this Court has made against you.  Should you
2  appeal and should the sentence be reversed in whole or
3  in part and the case remanded, you'll be resentenced
4  before another judge.  Mr. Weinberg, if an appeal is
5  decided upon, you want transcript, seek it from this
6  session of the Court because I'll turn it around right
7  away.
8       You do understand that?
9       MR. WEINBERG:  Yes, but there will be no appeal.
10 Thank you, very much.
11      THE COURT:  Well I'm not looking for that.  I
12 understand the circumstances, but he has a right to
13 appeal and I want the procedure clear.
14      Very well.
15      PROBATION OFFICER:  Your Honor, if I may?  I
16 apologize.  I realize I inadvertently left out a
17 condition.  The probation officer would recommend that
18 the defendant not have conduct directly or indirectly
19 with the victim.  And I was hoping that the Court would
20 specify a time that the defendant is expected to self-
21 report in San Antonio.
22      THE COURT:  All right, let me take it one by one.
23 The additional requirement of no contact with the
24 victims throughout the period of supervised release is
25 adopted.  As to a time, I'm open -- what is a reasonable

```
 1   time?
 2        MR. GOLDSTEIN:  Your Honor, um, arrangements have
 3   -- I'm sorry, Jerry Goldstein on behalf of the
 4   defendant.  Arrangements have been made that he is to
 5   report to his probation officer there in San Antonio at
 6   the federal building where the Marshal's Office is at
 7   10:30 a.m. on next monday, and that the probation
 8   officer will accompany him to the U.S. Marshal's Office.
 9        THE COURT:  We'll make that specificity in the
10   judgment and I'm sure that will be done.  Very well.
11        Yes?
12        MR. FOGERTY:  Your Honor, just one final thing.
13   Just to note for the record that the plea agreement does
14   contain a waiver of the defendant's appellate rights, we
15   just want to put that out there.
16        THE COURT:  That may be, but there is no such
17   thing as an absolute 100 percent waiver of the right to
18   appeal, and it is my practice always to advise the
19   defendant that if there are obstacles to an appeal, so
20   be it.
21        MR. FOGERTY:  Very well.
22        THE COURT:  I stand by what I've said.  I
23   appreciate what you've said.
24        MR. FOGERTY:  Thank you, your Honor.
25        THE COURT:  That's the order of the Court.  We'll
```

```
 1    recess.
 2            THE CLERK:  All rise.
 3            (Ends, 12:45 p.m.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```